SILL v. KENTUCKY COAL & TIMBER DEVELOPMENT CO.

(District Court, E. D. Kentucky, at Covington.    October 25, 1915.)

No. 2981.

CORPORATIONS ☞553(2)—RECEIVER—"INSOLVENT"—DISCRETION OF COURT.

The discretion given the chancellor by Act Del. March 25, 1901, to appoint a receiver whenever a corporation shall be insolvent, will not be exercised where the corporation is not "insolvent," in the sense that its liabilities exceed its assets; though it may be unable to meet its obligations as they become due, and where no mismanagement by the officers is shown.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvent.]

In Equity.   Suit by Dunkin H. Sill against the Kentucky Coal & Timber Development Company for the appointment of a receiver to administer the assets of defendant.   On defendant's motion to dismiss. Motion sustained.

Selligman & Selligman, of Louisville, Ky., for plaintiff.
S. D. Rouse, of Covington, Ky., for defendant.

COCHRAN, District Judge.   This cause is before me on motion of defendant to dismiss.   The relief sought is the appointment of a receiver to administer the assets of the defendant.   The plaintiff is a creditor and stockholder.   His debt is not due.

The right to the relief sought is based on the act of March 25, 1901, of the state of Delaware, of which state the defendant is a corporation. That act authorizes the appointment of a receiver "whenever a corporation shall be insolvent."   According to the allegations of the bill the defendant is insolvent, in the sense that it is unable to meet its obligations as they may mature.   It is not insolvent in the sense that its liabilities exceed its assets.   Its solvency in this sense is unquestioned. If such is the sense in which the word "insolvent" is used in the act, the motion to dismiss should be sustained, as the case does not come within the act.   But I do not feel called on to determine the question as to the sense in which the word is so used, for otherwise the plaintiff is not entitled to the relief sought.   The act provides that in such contingency "the chancellor  *  *  *  may at any time, in his discretion," appoint a receiver.   I do not think a case is presented for the exercise of this discretion in appointing a receiver.   No mismanagement on the part of the officers of the defendant is charged.   And I see no good purpose that the appointment of a receiver will serve.   It may do harm.

The motion to dismiss is sustained.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes